**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alfredo LOPEZ, Defendant–Appellant.**

No. 15–10423

United States Court of Appeals,
Ninth Circuit.

Submitted July 26, 2016 *

FILED August 1, 2016

Robert Lally Miskell, Assistant U.S. Attorney, USTU–Office of the US Attorney, Tucson, AZ, for Plaintiff–Appellee.

Alfredo Lopez, Phoenix, AZ, Pro Se.

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Alfredo Lopez appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district court has authority to modify a sentence under section 3582(c)(2), *see United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

Lopez contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. Contrary to Lopez's contention, the district court properly calculated his amended guideline range as 51 to 63 months without consider-

ing the two-level fast-track departure that the court granted at his original sentencing. *See* U.S.S.G. § 1B1.10 cmt. n.1(A); *United States v. Ornelas*, 825 F.3d 548, 553–55 (9th Cir. 2016); *see also United States v. Rosales–Gonzales*, 801 F.3d 1177, 1180–83 (9th Cir. 2015) (fast-track reduction is discretionary departure under the Guidelines). Because Lopez received a sentence of 51 months, the district court correctly concluded that Lopez is ineligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range.").

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.